1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DOUGLAS MANER,                            No.  1:14-cv-01014-DAD-MJS

12                  Plaintiff,

13        v.                                   ORDER GRANTING IN PART AND
                                               DENYING IN PART PLAINTIFF'S MOTION
14   COUNTY OF STANISLAUS and BIRGIT           IN OPPOSITION TO THE BILL OF COSTS
     FLADAGER,
15                                             (Doc. No. 56)
                 Defendants.
16

17        Currently before the court is a motion entitled "motion to tax costs," filed by plaintiff

18   Douglas Maner, which appears to be a motion in opposition to the bill of costs submitted by the

19   prevailing defendants in this action, the County of Stanislaus and Birgit Fladager.  (Doc. No. 56.)

20   Plaintiff's motion was filed on August 24, 2016.  An opposition was filed by defendants on

21   September 21, 2016.  (Doc. No. 58.)  Plaintiff did not file a reply.  Oral argument on the motion

22   was heard on October 6, 2016.  Attorney Peter S. Bradley appeared telephonically at the hearing

23   for plaintiff.  Attorney Abigail Clark appeared telephonically on behalf of the defendants.  For the

24   reasons discussed below, the court will deny in part and grant in part plaintiff's motion.

25                                        **Background**

26        Plaintiff Doug Maner was a Deputy District Attorney in the Stanislaus County District

27   Attorney's Office from 1991 until October 2013.  (Doc. No. 49 at 2.)  Leading up to an election in

28   June 2006 for District Attorney, plaintiff supported Judge Michael Cummins against the then

                                              1

District Attorney and defendant here, Birgit Fladager.  (*Id.*)  As discussed in the court's order

granting defendants' motion for summary judgment, plaintiff generally claimed as follows.  After

Fladager was re-elected, plaintiff was demoted and disciplined over the course of the next seven

years because of his political support for Cummins.  (*Id.* at 2–5.)  Ultimately, after numerous

complaints were received about plaintiff's courtroom behavior in 2012 and 2013, defendant

Fladager sought to have plaintiff terminated.  (*Id.*)  While the termination was ultimately reduced

to a thirty-day suspension, which plaintiff was appealing administratively, upon returning from

the suspension and learning he had been reassigned to a less desirable position, plaintiff resigned

from his position.  (*Id.*)  Defendants moved for summary judgment on all of plaintiff's claims.

This court granted summary judgment in defendants' favor, finding no triable issues of fact on the

issue of whether plaintiff was retaliated against in violation of the First Amendment for his

political support of Cummins.  (Doc. No. 49.)

Plaintiff filed a notice of appeal on August 23, 2016.  (Doc. No. 52.)  Prior thereto,

defendants had submitted a bill of costs seeking $11,992.96 for costs in defending this suit.  (Doc.

No. 51.)  Plaintiff advances the following three arguments in opposition to the bill of costs sought

by defendants here:  (1) costs may not be assessed against him unless the action is found to be

"frivolous, reasonable [sic] or without foundation," based on the decision in *Christiansburg*

*Garment Co. v. EEOC*, 434 U.S. 412 (1978); (2) even if the plaintiff can generally be assessed

costs here, $1,631.70 in costs assessed for production of the transcripts for the *Skelly*

administrative hearings may not be taxed to him because they were not necessarily incurred in the

present case; and (3) the imposition of costs should be stayed pending appeal.  (Doc. No. 56-1 at

1–5.)  Defendants oppose plaintiff's motion on each of the substantive grounds, and also maintain

that plaintiff's motion was untimely.

**Analysis**

Rule 54 of the Federal Rules of Civil Procedure states, "[u]nless a federal statute, these

rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed

to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  "Rule 54(d) creates a presumption for

awarding costs to prevailing parties; the losing party must show why costs should not be

1    awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003).  A district

2    court declining to award costs to the prevailing party must specify its reasons for doing so, while

3    a district court following the presumption need not specify any reason for its decision.  *Id.* at 945.

4            *a.*       *Plaintiff's Motion Challenging the Bill of Costs is Timely*

5            Defendants first object to plaintiff's motion as untimely, because it was not filed within

6    seven days from the date of service of the bill of costs.  (Doc. No. 58 at 3.)  The argument is

7    misplaced.  The Local Rules of the Eastern District of California state that a prevailing party must

8    file a bill of costs within fourteen days.  L.R. 292(b).  "The party against whom costs are claimed

9    may, within seven (7) days from date of service, file specific objections to claimed items with a

10   statement of grounds for objection."  L.R. 292(c).  "If no objection is filed, the Clerk shall

11   proceed to tax and enter costs.  If objections are filed, they should state specific objections to

12   claimed items with a statement of grounds thereof."  L.R. 292(d).  "On motion filed and served

13   within seven (7) days after notice of the taxing of costs has been served, the action of the Clerk

14   may be reviewed by the Court as provided in Fed. R. Civ. P. 54(d)."  L.R. 292(e).

15           Defendants' bill of costs was submitted on August 9, 2016.  (Doc. No. 51.)  Accordingly,

16   plaintiff's objections pursuant to Local Rule 292(c) were due to be filed on August 16, 2016.  *See*

17   Fed. R. Civ. P. 6(a) (excluding the day of the triggering event and counting weekends).

18   Therefore, plaintiff's motion was untimely under Local Rule 292(c), and because no objections

19   were filed within the specified timeframe, the Clerk of Court should have "proceed[ed] to tax and

20   enter costs," as described in Local Rule 292(d).  However, the Clerk did not do so.  It is the

21   Clerk's action which triggers the next applicable time specified in the Local Rules, in which the

22   party against whom costs are claimed may seek review of the Clerk's taxing of costs as provided

23   in Federal Rule of Civil Procedure 54(d).  *See* L.R. 292(e).  Therefore, the motion is timely under

24   Local Rule 292(e), if not premature since no notice of the taxing of costs was served.  Since

25   plaintiff's motion is not untimely, the court will rule on plaintiff's objections.

26           *b.*       *The Christiansburg Standard Does Not Apply*

27           Plaintiff's first objection is that costs may not be taxed against him unless the action is

28   found to be "frivolous, reasonable [sic] or without foundation," pursuant to the decision in

1    *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).  (Doc. No. 56-1 at 3.)  In

2    *Christiansburg*, the Supreme Court held "a district court may in its discretion award *attorney's*

3    *fees* to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was

4    frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."

5    *Christiansburg*, 434 U.S. at 421 (emphasis added).  Therefore, "a plaintiff should not be assessed

6    his opponent's *attorney's fees* unless a court finds that his claim was frivolous, unreasonable, or

7    groundless, or that the plaintiff continued to litigate after it clearly became so."  *Id.* at 422

8    (emphasis added).  *Accord Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997)

9    (applying the *Christiansburg* standard for awarding attorney's fees under the Americans with

10   Disabilities Act ("ADA")).

11        Plaintiff represents that, "[t]he *Christiansburg* rule applies to cost awards under 42 USC

12   Section 1988,[1] as noted in *Holt v. Jefferson County* (6th Cir. 1988) 859 F.2d 922."[2]  (Doc. No.

13   56-1 at 3.)  According to plaintiff, the *Christiansburg* standard should be applied to the cost

14   award in this case, and since plaintiff's case was not frivolous, costs should not be awarded to

15   defendants.  (Doc. No. 56-1 at 2–5.)

16        Plaintiff's position in this regard is without merit.  It is actually Rule 54, and not 42

17   U.S.C. § 1988, that provides for the award of costs to the prevailing party in this case.  To be

18   sure, "[w]hen the federal statute forming the basis for the action has an express provision

19   governing costs, . . . that provision controls over the federal rules."  *Brown v. Lucky Stores, Inc.*,

20

---

21   [1]  The Supreme Court in *Christiansburg* was analyzing 42 U.S.C. § 2000e-5(k), not 42 U.S.C.
     § 1988.  *See Christiansburg*, 434 U.S. at 414 n.1.  The two statutory provisions have similar,
22   albeit not identical, language concerning the award of attorney's fees to prevailing parties, but
     both have nevertheless been construed under the *Christiansburg* standard.  *See Fox v. Vice*, 563
23   U.S. 826, 833 (2011); *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983) (suggesting
     *Christiansburg* applies to § 1988 attorney's fee awards); *Hughes v. Rowe*, 449 U.S. 5, 14–16
24   (1980) (applying *Christiansburg* analysis to attorney's fee award to defendant under § 1988).

25   [2]  Plaintiff fails to note the cited Sixth Circuit case is an unpublished opinion.  Further, while that
     opinion does say "an award of attorney fees *and costs* under section 1988 should not be given
26   unless the plaintiff's action is 'frivolous, unreasonable, or without foundation, even though not
     brought in subjective bad faith,'" it does so in the context of a motion to award attorney's fees,
27   not costs.  *Holt*, 859 F.2d at *4 (emphasis added).  The unpublished decision therefore sheds no
28   light on the issue here and does not provide persuasive support for plaintiff's contention here.

1    246 F.3d 1182, 1190 (9th Cir. 2001) (citing Rule 54(d)(1)).  The ADA is such a statute, because it

2    specifically directs the awarding of both attorney's fees and costs in a parallel manner.  *See id.*

3    (noting the statute in question, 42 U.S.C. § 12205, permits the court to award the prevailing party

4    "a reasonable attorney's fee, including litigation expenses, *and costs*") (emphasis added).  When a

5    statute directs the awarding of attorney's fees and costs in a parallel manner, and the

6    *Christiansburg* standard applies to the award of attorney's fees, it has also been applied by the

7    Ninth Circuit to awards of costs.  *Id.*

8              However, 42 U.S.C. § 1988 does not contain a similar provision.[3]  Rather, it provides that

9    in actions to which it applies the court may allow the prevailing party "a reasonable attorney's fee

10   *as part of* the costs."  42 U.S.C. § 1988(b) (emphasis added).  While plaintiff wishes to analogize

11   the present case to that presented in *Brown*, the language of the two respective statutes is

12   importantly different: § 12205 directs the court as to when it may award "fee[s] . . . and costs,"

13   while § 1988 provides that a court may award attorney's fees "as part of the costs."  Indeed, while

14   interpreting a provision in the Rehabilitation Act which parallels the language of § 1988—

15   awarding "a reasonable attorney's fee . . . as part of the costs"—the Ninth Circuit has held the

16   attorney's fees and costs provisions were not parallel, and therefore the *Christiansburg* standard

17   applied only to the award of attorney's fees, not costs.  *Martin v. California Dep't of Veterans*

18   *Affairs*, 560 F.3d 1042, 1052 (9th Cir. 2009)[4]; *see also National Org. for Women v. Bank of Cal.,*

19   *Nat'l Ass'n*, 680 F.2d 1291, 1294 (9th Cir. 1982) (declining to apply *Christiansburg* to awards of

20   costs in Title VII suits and noting there is "no express statutory provision for applying

21   *Christiansburg* to cost awards").

22   _____

     [3]  Defendants do not seek an award of attorney's fees here and do not move under 42 U.S.C.
23   § 1988 in any respect.  Rather, defendants seek merely to tax costs pursuant to Rule 54 of the
     Federal Rules of Civil Procedure, 28 U.S.C. § 1920, and Local Rule 292.  They do not seek the
24   recovery of expenses, not taxable as costs, under governing law incident to the award of
     attorney's fees.  Plaintiff has erroneously conflated these principles.
25

26   [4]  In *Martin*, the Ninth Circuit explained this phrasing makes "an attorney fee award
     discretionary; if given, it may be made a part of the costs.  The text does not suggest that '*the*
27   costs' are similarly discretionary, but rather that they are a given, to which fees *may* attach."  560
     F.3d at 1053.  Accordingly, the court in *Martin* found that Rule 54(d) controlled the awarding of
28   costs in that case, not *Christiansburg*.  *Id.*

1    Section 1988 uses the exact same phrasing as the statute in question in *Martin.*  Therefore,

2    the *Christiansburg* standard does not apply to the award of costs in this case.  Rather, the

3    presumption of Rule 54 applies and the court concludes that costs should be awarded to the

4    prevailing party here.  *See Save Our Valley*, 335 F.3d at 944–45.

5        *c.    The* Skelly *Hearing Transcript*

6    Plaintiff objects more specifically to being taxed costs for transcripts of the *Skelly*

7    administrative hearings which were conducted prior to the filing of the present case in 2014,

8    because those costs were not necessarily incurred in the present case.  (Doc. No. 56-1 at 5.)

9    Defendants contend that the costs for these hearing transcripts were incurred during the pendency

10   of this matter, and that the transcripts in question were used to prepare for depositions, to draft the

11   summary judgment motions, and to aid them in their defense against plaintiff's claims in this

12   action.  (Doc. No. 58 at 9.)

13       A party may only be made to pay the costs which were "necessarily incurred in the case."

14   28 U.S.C. § 1924; L.R. 292(b).  Local Rule 292(f)(3) provides that items taxable as costs include

15   "Court reporter fees (28 U.S.C. 1920(2))."  Title 28 U.S.C. § 1920(2) in turn provides that a

16   "judge or clerk of any court of the United States may tax as costs . . . fees for printed or

17   electronically recorded transcripts *necessarily obtained* for use in the case."  Of course, if found

18   to be necessary to the litigation of a case, the costs of transcripts of depositions taken in a case

19   may be taxed as costs under Rule 54 and § . *See Aflex Corp. v. Underwriters Laboratories, Inc.*,

20   914 F.2d 175 (9th Cir. 1990).  The Supreme Court has emphasized that "taxable costs are limited

21   by statute and are modest in scope." *Taniguchi v. Kan Pac. Saipan, Ltd.,* ___U.S.___,___, 132 S.

22   Ct. 1997, 2006 (2012).  Recently, the Ninth Circuit noted that in light of this, "the better course"

23   when deciding whether to award specific costs to a prevailing party was "to hew closely to the

24   statute's language, scheme, and context, recognizing that § 1920 is narrow, limited, and modest in

25   scope."  *Kalitta Air LLC v. Central Texas Airborne Sys. Inc.*, 741 F.3d 955, 957–59 (9th Cir.

26   2013).  In *Kalitta*, the Ninth Circuit considered the district court's taxing of costs associated with

27   the editing of deposition videotapes into clips for use at trial, as well as the costs associated with

28   synchronizing those videotapes with the transcripts thereof. *Id.* at 958.  The court reversed the

6

1    district court's award of costs associated with both of those services.  Concerning the videotape

2    editing, the court compared it to "an expense incidental to trial preparation akin to preparing a

3    witness for trial."  *Id.* at 959.  With respect to the synchronization, the Ninth Circuit noted that,

4    "while convenient, [it] was not an act of copying or exemplification and was not truly *necessary*

5    for trial."  *Id.* (citing *In re Williams Sec. Litig.–WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir.

6    2009) ("The 'necessarily obtained for use in the case' standard does not allow a prevailing party

7    to recover costs for materials that 'merely added to the convenience of counsel' or the district

8    court.")).

9         Given this guidance, the court construes the provisions concerning the award of costs

10   narrowly.  In either the phrase "necessarily incurred" or "necessarily obtained," the word

11   "necessarily" means "in such a way that it cannot be otherwise; inevitably, unavoidably."

12   *Webster's Third New Int'l Dictionary* 1510 (Philip Babcock Gove, ed. 1986).  A filing fee, for

13   example, is "necessarily incurred" in the process of litigating a claim since without its payment

14   the Clerk of Court is not permitted to file any submitted papers or issue any process.  *See* 28

15   U.S.C. § 1914(a) (requiring payment of a filing fee); L.R. 121(c) (prohibiting Clerk from filing

16   papers or issuing process until fee is paid).  Here, however defendants seek the costs of obtaining

17   transcripts of several administrative hearings concerning disciplinary actions against plaintiff

18   while he was an employee of the Stanislaus County District Attorney's Office.  (Doc. No. 51 at

19   4.)  Obtaining these transcripts, while perhaps helpful for defendants' counsel to review in

20   preparation, was neither inevitable nor unavoidable.  Therefore, the court finds they were not

21   "necessarily incurred," and are not properly taxed to plaintiff under Rule 54 of the Federal Rules

22   of Civil Procedure, 28 U.S.C. § 1920 and Local Rule 292.[5]

23   _____

24   [5]  The court has identified one case in which transcription fees for an administrative hearing
     involving a plaintiff were taxed as costs in the favor of a defendant prevailing in subsequent
     litigation.  In that case, the court noted that the defendant relied upon the transcript of those
25   proceedings in moving for summary judgement and, more importantly, the court had specifically
     cited that evidence in granting summary judgment in favor of defendant.  *See Felix v. City and*
26   *County of Denver*, Civil Action No. 08-cv-2228-MSK-KMT, 2011 WL 1085766, at *12 (D. Colo.
     Mar. 24, 2011).  Under those circumstances, the court in *Felix* found the cost to be "'necessary' to
27   the case."  *Id.*  Here, defendants did submit the administrative hearing transcript as one of at least
28   ninety combined exhibits in support of their motions for summary judgment.  Notably, this court

1       Although plaintiff did not object to it, the court also notes that defendants' itemized bill of

2   costs includes a $238 fee for "videotape syncing." (Doc. No. 51 at 4.)  The invoice attached to

3   the bill of costs reflects that this cost was incurred in order to synchronize a videotaped deposition

4   of plaintiff with its transcript. (Doc. No. 51 at 33.)  Since the Ninth Circuit has recently explicitly

5   held that "synchronizing deposition videotapes with their transcripts, while convenient, [is] not an

6   act of copying or exemplification and [is] not truly *necessary* for trial," these costs will also not

7   be taxed to plaintiff. *See Kalitta Air L.L.C.*, 741 F.3d at 959.

8       For these reasons, the $1,869.70 in "other costs" designated by defendants are disallowed

9   and will not be taxed to plaintiff. (Doc. No. 51 at 4.)  Costs are hereby taxed in favor of

10  defendant in the total amount of $10,123.26.

11          *4.        Plaintiff May Obtain a Stay by Posting a Supersedeas Bond*

12      Plaintiff also seeks a stay of the taxing of costs pending appeal.  Both parties argue about

13  the equitable inquiry a court must undertake in order to decide whether a judgment should be

14  stayed pending appeal. (Doc. Nos. 56-1 at 5–6; 58 at 7–9.)  However, as the Supreme Court has

15  noted, "[d]ifferent Rules of Procedure govern the power of district courts and courts of appeals to

16  stay an order pending appeal." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citing Rule 62 of

17  the Federal Rules of Civil Procedure and Rule 8 of the Federal Rules of Appellate Procedure).

18  Though neither party has addressed it, Rule 62 appears to govern the court's authority to issue a

19  stay pending appeal.

20      Rule 62 states, in pertinent part:

21          If an appeal is taken, the appellant may obtain a stay by
            *supersedeas* bond, except in an action described in Rule 62(a)(1) or
22          (2).[6]  The bond may be given upon or after filing the notice of
            appeal or after obtaining the order allowing the appeal. The stay
23          takes effect when the court approves the bond.

24  Fed. R. Civ. P. 62(d).  On its face, Rule 62(d) generally contemplates that, at least with the

25  _____

26  did not cite to the administrative hearing transcript in its order granting defendants' motions for
    summary judgment.  Under these circumstances, the court cannot conclude that the incurring of
27  costs associated with obtaining that transcript was necessary for use in this case.

28  [6] These provisions concern situations not applicable here.

1  awarding of monetary compensation, appellant is entitled to a stay as of right if they post a

2  *supersedeas* bond, and generally is not entitled to a stay if they do not.  The language is

3  permissive of what the appellant may do.  Fed. R. Civ. P. 62(d) ("the *appellant may* obtain a

4  stay").  Once the appellant secures the *supersedeas* bond, the stay takes effect as a matter of law

5  when the court approves it.  The rule has consistently been interpreted in this way.  *See American*

6  *Mfrs. Mut. Ins. Co. v. American Broad.-Paramount Theatres, Inc.*, 87 S.Ct. 1 (1966); *NLRB v.*

7  *Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (describing as persuasive a Seventh Circuit decision

8  which suggested the right to an automatic stay would have been limited to cases where the

9  judgment being appealed was a "money judgment") (citing *Donovan v. Fall River Foundry Co.*,

10  696 F.2d 524 (7th Cir. 1982)); *In re Mgndichian*, No. CV 02-09580MMMSHX, 2003 WL

11  23358199, \*1 (C.D. Cal. Dec. 2, 2003) (collecting cases for the proposition that a Rule 62(d) stay

12  is obtained as of right when the *supersedeas* bond is posted); *In re Capital West Investors*, 180

13  B.R. 240, 241–42 (N.D. Cal. 1995) (holding Rule 62(d) stay is granted as of right when appellant

14  posts the appropriate bond); *see also* 11 Charles A. Wright & Arthur R. Miller, Federal Practice

15  and Procedure § 2905, at 326 (1973) ("The stay issues as a matter of right in cases within Rule

16  62(d), and is effective when the *supersedeas* is approved by the court").  *Accord Vacation*

17  *Village, Inc. v. Clark Cty.*, 497 F.3d 902, 913 (9th Cir. 2007) ("Federal Rule of Civil Procedure

18  62(d), however, requires only that the appellant post a *supersedeas* bond in order to obtain a stay

19  on appeal").  Therefore, should plaintiff wish to post a *supersedeas* bond here, he may do so as of

20  right.

21  　　　"The purpose of a *supersedeas* bond is to secure the appellees from a loss resulting from

22  the stay of execution and a full *supersedeas* bond should therefore be required."  *Rachel v.*

23  *Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) (citing *Miami Int'l Realty Co. v.*

24  *Paynter*, 807 F.2d 871, 873 (10th Cir. 1986)).  Therefore, if plaintiff wishes to stay the taxing of

25  costs pending his appeal pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, he shall

26  file a *supersedeas* bond in the total amount of $10,123.26 within fourteen days of the service of

27  /////

28  /////

9

this order.[7]  *See Gordon v. Prudential Fin. Inc.*, No. 06CV2304-IEG(WMC), 2009 WL 188886, at *5 (S.D. Cal. Jan. 23, 2009) (requiring plaintiff to file a *supersedeas* bond in the full amount of the taxed costs in order to obtain a stay under Rule 62(d)); *see also Politte v. United States*, Civil No. 07cv1950 AJB(WVG), 2012 WL 4845566, at *7 (S.D. Cal. Oct. 10, 2012) (denying stay under Rule 62 due to plaintiff's failure to file a *supersedeas* bond or present any argument as to why the bond requirement should be waived); *Bolbol v. Feld Entertainment Inc.*, Case No.: C 11-5539 PSG, 2013 WL 3808023, at *1 (N.D. Cal. July 18, 2013) (same); *Aldasoro v. Kennerson*, 915 F. Supp. 2d 188, 192–93 (S.D. Cal. 1995) (same).

**Conclusion**

For all of the reasons set forth above:

1.  Plaintiff's motion opposing the taxing of costs is denied with respect to his contention that the *Christiansburg* standard is applicable to the award of costs in this case;

2.  Plaintiff's motion opposing the taxing of costs is granted as to the $1,869.70 in "other costs," which the court concludes is not properly taxed to plaintiff; and

3.  If plaintiff wishes to stay the taxing of costs pending his appeal pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, he shall file a *supersedeas* bond in the total amount of $10,123.26 within fourteen days of the service of this order.

IT IS SO ORDERED.

Dated:   **October 28, 2016**

UNITED STATES DISTRICT JUDGE

---

[7] The equitable inquiry the parties have addressed in their papers is apparently directed at the potential waiver of the *supersedeas* bond in favor of some other form of guaranty on the amount to be paid.  *See International Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) ("Although Federal Rule of Civil Procedure 62 provides that a *supersedeas* bond may be used to stay execution of a judgment pending appeal, the court has discretion to allow other forms of judgment guarantee."); *see also Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796–97 (9th Cir. 1989) (noting "the district court has broad discretionary power to waive the bond requirement if it sees fit") *vacated on rehearing Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990).  Here, plaintiff has not argued that any bond amount should be waived and therefore the court need not address the issue.